## Jago et al. v. Albion Slate Co., Inc., et al.

*Walter Sandercock*, for plaintiffs.

*Francis H. S. Ede, Donald S. Rockwell, Randolph W. Childs*, and *Charles P. Maxwell*, for defendants.

McKEEN, P. J., May 9, 1938.—The above-named plaintiffs brought an action against the above-named defendants under section 514 of the Business Corporation Law

of May 5, 1933, P. L. 364, to recover wages alleged to be due and owing to plaintiffs for services performed for the Albion Slate Company, Inc., during the period from May 1, 1937, to different dates prior to and payable on or before July 1, 1937.

This action was instituted November 26, 1937. The Albion Slate Company, Inc., filed an answer admitting all the averments of the statement of claim except that it denied there was any obligation on the part of the stockholders of said corporation to plaintiffs to the extent of the par value of the stock owned and held by them when such wages accrued. Several stockholders filed an affidavit of defense raising questions of law for determination.

For the purpose of the case, the only questions that need be considered are:

1. Is section 514 of the Business Corporation Law, supra, unconstitutional for the reason that it does injustice to the shareholders of the Albion Slate Company, Inc., within the meaning of section 10, art. XVI, of the Constitution of Pennsylvania?

2. Is section 514 of the Business Corporation Law, supra, unconstitutional in that the liability of shareholders imposed by the terms of said law is not clearly expressed in the title of the law as required by section 3, art. III, of the Constitution of Pennsylvania?

3. May plaintiff claimants join as parties plaintiff in one action where their causes of action are separate and arise out of separate contracts of employment?

Section 514 of the Business Corporation Law provides:

"A shareholder of a business corporation shall not be personally liable for any debt or liability of the corporation, except salaries and wages due and owing to its laborers and employes, for services rendered to the corporation. In such event, every shareholder shall be personally liable in an amount equal to the value of the shares of the corporation owned by him, but no shareholder shall be so liable unless suit for the collection of such salaries

and wages shall be brought against him within six months after the same shall become due. The term value, as used in this subsection, shall mean, in the case of shares with par value, the aggregate par value of such shares, and, in the case of shares without par value, the consideration received by the corporation on the original issue of such shares."

The Act of June 25, 1937, P. L. 2072, entitled "An Act providing for the joinder of plaintiffs in civil suits, and the rendition of verdicts and entry of judgment in such cases; and defining the powers of the court in such cases", provides:

"Section 1. Be it enacted, etc., That all parties who have a right of action, whether jointly, severally or in the alternative, in respect of, or arising from, the same transaction or series of transactions, and whose actions would give rise to any common question of law or fact, may join, as plaintiffs, in one civil action.

"Section 2. If, in any such action, it shall appear that the joinder of the plaintiffs will complicate, prejudice or delay the trial of such action, the court, on petition or on its own motion, may order separate trials, or make such other order as it deems expedient and proper.

"Section 3. In every such action, separate verdicts shall be rendered and judgments entered as to each plaintiff."

In determining the constitutionality of section 514 of the Business Corporation Law of 1933, it is necessary to inquire into the intent of the legislature, based upon a liberal interpretation of the written words of the act. In doing so, effect must be given according to its plain and obvious meaning. In support of the unconstitutionality of the act, the stockholders allege that it does injustice to the stockholders within the meaning of section 10 of article XVI of the Constitution of Pennsylvania and the liability imposed upon stockholders is not clearly expressed in the title as required by section 3, art. III, of the Constitution of Pennsylvania. It cannot be held that

the title of the act is in any way ambiguous for the reason that it clearly sets forth its purpose, "defining and providing for the organization, merger, consolidation, reorganization, winding up and dissolution of such corporations; conferring certain rights, powers, duties and immunities upon them and their officers and shareholders; prescribing the conditions on which such corporations may exercise their powers; * * * imposing penalties".

Section 514 does not make the stockholders personally liable to general creditors, but does create a liability for wages due and owing to its laborers and employes for services rendered to the corporation, in giving additional protection to wage-earners who come within the purview of other acts of assembly protecting wage-earners as a class.

The object and intent of section 514 of the act by its written words was to secure the claims of wage-earners who are entitled to such protection. Investors in a business corporation do so with expectation of realizing profits from their investment. Such profits can only be realized through the efforts of their employes and in the event of the corporation's failing without tangible assets, the legislature has properly recognized the liability of the stockholders to unpaid wage-earners provided an action shall be commenced against such stockholders within six months after such wages shall become due.

The statutory liability of stockholders of a corporation is not a new question. The Department of Banking Code of May 15, 1933, P. L. 565, sec. 723, provides:

"If at any time after he takes possession of a corporation as receiver, it shall appear to the secretary [of Banking] that the assets of such corporation will be insufficient to pay in full its debts to depositors and other creditors, he shall, as soon as expedient, estimate the amount which shall be assessed against all shareholders who are, under these circumstances, personally liable for any part of the debts of such corporation, by reason of their ownership of such shares. He shall assess against such shareholders

the amount which he then deems necessary for the payment of such debts, not however exceeding the maximum liability of such shareholders, as provided by law."

The amount of the assessment, however, cannot exceed the par value of the respective shares.

Under these circumstances, therefore, it cannot be held that section 514 of the Business Corporation Law is unconstitutional.

Other questions of law raised in the affidavit of defense by the stockholders are directed to alleged defects in the statement of claim which cannot be passed upon excepting under a rule to strike off the statement of claim.

The stockholders also contend that the claims of plaintiffs are not joint but several and are based upon separate agreements of employment, consequently they cannot be joined in a single action.

It cannot be disputed that: (1) All the parties severally have a right of action; (2) all of these rights of action arise from a series of transactions; (3) there is involved in all of the actions, if taken severally, a common question of law; and (4) the Act of 1937, supra, gives the right of joinder of all of the several plaintiffs in one civil action and further gives the court discretion, in the event that such joinder will conflict, prejudice, or delay the trial of such action, on petition, or on its own motion, to order separate trials, or make such further order as it deems expedient and proper.

In the present action, the stockholders cannot dispute the admissions made by the defendant corporation as to the amount of wages due the respective plaintiffs. Consequently, upon the trial of the case, there could not be any complications which would arise and defeat the rights of the several parties to have separate verdicts rendered by the jury for the amount admitted to be due each of the several plaintiffs.

Different views may necessarily arise as to the interpretation of the written words contained in section 1 of the Act of 1937, directed to the same transaction or a

series of transactions. There is nothing contained in the statement of claim as to the date of employment of the respective claimants, nor need such dates be supplied, as it has been conceded by the defendant corporation that the dates of employment for which wages are unpaid are set forth properly in plaintiff's statement of claim.

It may be true that plaintiffs have had different kinds of employment such as slater, holeman, fireman, block-maker, laborer, etc. Each and every plaintiff is protected by the acts of assembly giving them a preference over and above general creditors, and their respective employment under the definition of the word "transaction" constitutes a series of transactions by virtue of their employment for the purpose of operating the slate quarry and business of the defendant corporation.

It cannot be held that each transaction on the part of the defendant corporation in employing the plaintiffs would relegate each plaintiff to a single right of action. Such an interpretation of the act would cause a multi-plicity of actions at a much greater cost to the defendant corporation and stockholders. The joinder of the employes in a single action constitutes not only an economical dispo-sition of their rights but cannot possibly work an injustice upon the stockholders who are declared liable in the pres-ent action.

A rule was granted upon the petition of one of the de-fendants, other than the corporation defendant, to show cause why a more specific statement of claim should not be filed by plaintiffs. In view of the admission of liability on the part of the defendant corporation, this rule need not be considered.

And now, May 9, 1938, it is ordered, adjudged, and de-creed that the rule sur petition of Patrick Keenan to show cause why a more specific statement of claim should not be filed is dismissed. Leave is granted Patrick Keenan to file an affidavit of defense to the statement of claim within 15 days.

It is further ordered, adjudged, and decreed that the question of law raised in the affidavit of defense by Howard Butcher, Jr., Howard D. Butcher, 3d, and William D. Sherrerd, Jr., a partnership doing business as Butcher and Sherrerd, defendants, be overruled and dismissed. Leave is granted to Howard D. Butcher, Howard D. Butcher, 3d, and William D. Sherrerd, Jr., a partnership doing business as Butcher and Sherrerd, defendants, to file an affidavit of defense to the statement of claim within 15 days.